```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JOHN BRIAN MILLER, | : | **CIVIL NO. 1:10-CV-0061** |
| Petitioner | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| T.L. SNIEZEK, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

On January 11, 2010, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner claims that the Bureau of Prisons (BOP) has failed to properly consider him for twelve months of pre-release custody placement in a residential re-entry center (RRC) pursuant to the Second Chance Act of 2007.

On February 2, 2010, the respondent filed a response to the petition. The petitioner has not filed a reply.

The petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania of bank robbery in violation of 18 U.S.C. § 2113. *See Doc. 6-2, Decl. of Michael Plesh* at ¶2. The petitioner was sentenced to a 155-month term of imprisonment. *Id.* The petitioner's projected release date, via Good Conduct Time release, is August 7, 2011. *Id. at ¶3.*

On July 22, 2009, the plaintiff submitted a request to be considered for placement in a RRC pursuant to the Second Chance Act. *Doc. 1-2* at 15. In response, on July 27, 2009, Case Manager Plesh stated: "After a careful review of your case the Unit Team will recommend an 180 day RRC placement. This placement is of sufficient duration to provide the greatest likelihood of a successful reintegration into the community." *Id.* In response to a further request by the plaintiff regarding the Second Chance Act, by a Memorandum dated August 10, 2009, Warden Sniezek indicated that "pursuant to the Second Chance Act, it appears a placement of 180 days is of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Doc. 1-2* at 65. The Warden

2

further advised the petitioner that he "will be formally considered for RRC placement when you are 17-19 months from release, and at that time a final determination will be made regarding the recommended length of your placement." *Id.*

On August 19, 2009, the petitioner filed an administrative remedy request regarding the Second Chance Act. *See Doc. 6-2, Decl. of Susan Albert* at ¶5. On September 10, 2009, Warden Sniezek denied that administrative remedy request. *Doc. 1-2* at 76. Warden Sniezek indicated that the Second Chance Act does not guarantee a one-year placement, that inmates are not considered for RRC placement until they are 17-19 months from their projected release date and that a final determination regarding the length of the petitioner's placement will not be made until between January and March 2010. *Id.*

The petitioner appealed the denial of his administrative remedy request to the Regional Office, and on October 29, 2009, the Regional Director denied that appeal. *Doc. 1-2* at 83. After setting forth the factors that are

considered in making a RRC placement, the Regional Director stated that policy indicated that inmates are considered for RRC placement 17-19 months from their projected release date, that the petitioner's need for community programs will be reexamined during that time frame and that the review will be completed in compliance with the policy and the provisions of the Second Chance Act. *Id.*

On November 6, 2009, the petitioner filed an appeal to the Central Office. *See Doc. 6-2, Decl. of Susan Albert* at ¶7. That appeal has been accepted and is pending a response. *Id.*[1]

In December of 2009, the petitioner was informed by his Unit Team that he would more than likely be recommended for a 150-180 day RRC placement. *Doc. 6-2, Decl. of Michael Plesh* at ¶6.

---

1. 28 C.F.R. § 542.18, provides that a response shall be made by the General Counsel within 40 calendar days and that that response time may be extended once by 20 days. Section 542.18 further provides that "[i]f the inmate does not receive a response within the time allotted for a reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

4

The Second Chance Act, effective April 9, 2008, amended 18 U.S.C. § 3624(c). 18 U.S.C. § 3624(c) now provides, in pertinent part:

> (1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The petitioner contends that the BOP failed to fully apply the Second Chance Act and he requests placement in a RRC for twelve months. The respondent contends that the petition should be dismissed because the petitioner's claim is not ripe and because the petitioner has not exhausted administrative remedies.

"Article III of the Constitution limits the "judicial Power" of the United States to the adjudication of "Cases" or "Controversies." *Pittsburgh Mack Sales & Service, Inc. v. International Union of Operating Engineers, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009)(quoting U.S. Const. art. III,

5

§ 2). "Courts enforce the case-or-controversy requirement through several justiciability doctrines that 'cluster about Article III.'" *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). One of those doctrines is the ripeness doctrine. *Id.*

"Ripeness prevents courts from 'entangling themselves in abstract disagreements.'" *Surrick v. Killion,* 449 F.3d 520, 527 (3d Cir. 2006)(quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). "In determining whether a dispute has matured to a point to require judicial adjudication, courts must consider 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands,* 385 F.3d 801, 806 (3d Cir. 2004)(quoting *Abbott Labs, supra,* 387 U.S. at 149). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. U.S.,* 523 U.S. 296, 300 (1998)(quoting *Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 580-81 (1985)). "Ripeness is a matter of degree whose threshold is

notoriously hard to pinpoint." *NE Hub Partners, L.P. v. CNG Transmission Corp.,* 239 F.3d 333, 341 (3d Cir. 2001).

The respondent contends that the plaintiff's claim is not ripe. The respondent contends that the petitioner is still more than nineteen months from his projected release date and that his Unit Team has not reviewed his RRC placement eligibility. The respondent contends that, therefore, the petitioner has not suffered any injury because no policies or rules have been applied to him and, accordingly, his claim is not ripe.

The respondent's assertion that the petitioner is still more than nineteen months from his projected release is not correct. He is approximately seventeen and a half months from his projected release date of August 7, 2011 as of the date of this Report and Recommendation. Nor is the respondent's assertion that the petitioner's unit team has not reviewed his RRC placement eligibility factually correct. As indicated above, the petitioner's RRC placement was reviewed in July and December of 2009.

7

The record in this case, however, indicates that neither a final decision nor a final recommendation regarding the amount of time that the petitioner will be placed in a RRC has been made. Although it has been indicated that the petitioner will likely be recommended for 150-180 days in a RRC, it has also been indicated in the responses to the petitioner's administrative remedy requests and appeals that a final decision has not yet been made. It may be that the final recommendation or decision will be for placement in a RRC for more than 180 days. Absent a final determination by the BOP, we agree with the respondent that the petitioner's claim is not ripe.

The petitioner asserts that a decision by the BOP 17 to 19 months prior to a projected release date does not provide sufficient time for a prisoner to exhaust administrative remedies and file a habeas petition. The petitioner contends that, assuming that the maximum time is used for exhausting administrative remedies, by the time exhaustion is completed it will be less than twelve months prior to the prisoner's projected release date and that, therefore, the prisoner will

8

not be able to realize the full benefit of the Second Chance Act. However, there is no basis to conclude that the maximum time (including extensions for responses at every level) will be used in exhausting administrative remedies.

We will recommend that the petition be dismissed. We will recommend that the dismissal be without prejudice to the petitioner filing another petition, if necessary, after a final decision as to the amount of time that he will be placed in a RRC is made and after he has exhausted administrative remedies as to that final decision.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: February 25, 2010.