IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BRIAN MILLER, | : | |
|     Petitioner, | : | Civ. No. 1:10-CV-0061 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| T.L. SNIEZEK, | : | (Magistrate Judge Smyser) |
|     Respondent | : | |

**MEMORANDUM ORDER**

Pending before the Court are Magistrate Judge J. Andrew Smyser's report and recommendation (Doc. No. 8), and Petitioner John Brian Miller's objections (Doc. No. 9).[1] In his report, Judge Smyser finds that Petitioner's writ of habeas corpus is not yet ripe for disposition. After reviewing the evidence before it, the Court disagrees that the petition is not yet ripe. However, because the Court finds that Petitioner's claim lacks merit, the Court will adopt the recommendation of Judge Smyser that this case be dismissed.

Petitioner's habeas petition claims that the Bureau of Prisons ("BOP") has failed to properly consider him for twelve months of pre-release custody placement in a residential re-entry center ("RRC") pursuant to the Second Chance Act of 2007.[2] (Doc. No. 8 at 1.) Petitioner

---

[1] Rather than filing an objection to the report and recommendation, Petitioner has filed a "Motion to Submit Response to Show Cause Order." (Doc. No. 9.) Because portions of the motion address the arguments relied on by Judge Smyser, the Court will construe Petitioner's motion as objections to Judge Smyser's report.

[2] The Second Chance Act, 18 U.S.C. § 3624(c), provides in pertinent part:

> (1) In general.–The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of

1

is currently serving a 155-month term of imprisonment for bank robbery in violation of 18 U.S.C. § 2113. (Id. at 2.) Petitioner's projected release date, via Good Conduct Time, is August 7, 2011. (Id.)

On July 22, 2009, Petitioner submitted a request to be considered for placement in an RRC pursuant to the Second Chance Act. (Id.) On July 27, 2009, his case manager responded that the Unit Team would recommend a 180-day placement. (Id.) On August 10, 2009, in response to a further request by Petitioner, Warden Sniezek indicated that a 180-day placement appeared sufficient. (Id.) On August 19, 2009, Petitioner filed an administrative remedy request regarding his RRC placement. (Id. at 3.) On September 10, 2009, Warden Sniezek denied the request and indicated that inmates are not considered for RRC placement until they are 17-19 months from their projected release date. (Id.) As a result, Warden Sniezek informed Petitioner that a "final determination" regarding the length of Petitioner's placement would not be made until after January 2010. (Id.) Petitioner appealed the denial of his administrative remedy request to the Regional Office; the appeal was denied by the Regional Director on October 29, 2009. (Id.) On November 6, 2009, the Petitioner filed an appeal to the Central Office. (Id. at 4.) That appeal has been accepted, yet a response is still pending. (Id.)

In dismissing Petitioner's case, Judge Smyser found that "neither a final decision nor a final recommendation regarding the amount of time that the petitioner will be placed in a RRC has been made." (Doc. No. 8 at 8.) Although the responses from BOP officials indicated what

---

that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Petitioner's recommended placement in RRC would be, they also indicated that "a final decision ha[d] not yet been made." (Id.) As a result, Judge Smyser noted: "It may be that the final recommendation or decision will be for placement in a RRC for more than 180 days. Absent a final determination by the BOP, we agree with the respondent that the petitioner's claim is not ripe." (Id.) Accordingly, Judge Smyser recommended that the Court dismiss Petitioner's writ without prejudice. (Id. at 9.)

In his objection, Petitioner argues that he has exhausted his administrative remedies because he has not yet received a response from the Central Office, even though he filed an appeal on November 6, 2009. (Doc. No. 9 at 4.) Petitioner points to 28 C.F.R. § 542.18, which provides that a response shall be made by the General Counsel within 40 calender days plus one possible extension of 20 days. Section 542.18 further states that "[i]f the inmate does not receive a response within the time allotted for a reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18 (emphasis added).

The Court finds that Petitioner has shown that he exhausted his administrative remedies as to his claim, and will therefore not adopt that specific finding of Judge Smyser's report. However, the Court agrees with Judge Smyser's recommendation that the case should be dismissed. A petitioner "is not eligible for consideration under § 3624(c) until he approaches the end of his term." Pacitti v. Lindsay, No. 3:06-cv-0783, 2006 WL 1274997, at *2 (M.D. Pa. May 8, 2006) (Caputo, J.). Under the previous version of § 3624(c), which allowed for up to six months of RRC placement, reviewing courts within this district found that "consideration of such placement is not required until the last six months of incarceration." See id; see also Rodriguez-Calderon v. Lindsay, No. 3:05-cv-2640, 2007 WL 2756878, at *2 (M.D. Pa. Sept. 20, 2007)

(Vanaskie, J.) (finding BOP did not err in summarily rejecting petitioner's request for RRC placement months before it must consider him under § 3624(c)); Murray v. Miner, 4:06-cv-2443, 2007 WL 465141, at *1 (M.D. Pa. Feb. 8, 2007) (McClure, J.) (finding plaintiff was not entitled to consideration for RRC placement until, at most, the last six months of his incarceration); White v. Hogsten, No. 1:06-cv-1088, 2006 WL 1878328 (M.D. Pa. July 6, 2006) (Conner, J.). In the same way, under the amended version of § 3624(c), consideration of RRC placement is not required until the last twelve months of incarceration. See 18 U.S.C. § 3624(c). Petitioner's projected release date is August 7, 2011, and his petition is still well outside the last twelve months of his incarceration. Therefore, Petitioner's case lacks merit and must be dismissed.[3]

**ACCORDINGLY**, on this 16th day of June 2010, it is **HEREBY ORDERED THAT**:

1. The Court adopts Magistrate Judge Smyser's recommendation (Doc. No. 8) that this case be dismissed.

2. Accordingly, Petitioner's writ of habeas corpus (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court is directed to close this case.

                                                              /s/ Yvette Kane
                                                             Yvette Kane, Chief Judge
                                                             United States District Court
                                                             Middle District of Pennsylvania

---

[3] The Court notes that even if this case did have merit, the appropriate remedy would be an "order requiring the BOP to consider–in good faith–whether or not [Petitioner] should be [assigned] to a [RCC]." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005); see also Murdock v. Gutierrez, 631 F. Supp. 2d 758, 767 (N.D.W. Va. 2007).